**Jhonathan CARDONA, Petitioner,**

v.

**Tish NALLS–CASTILLO,
et al.,[1] Respondents.**

15-cv-9866 (SAS)

United States District Court,
S.D. New York.

Signed April 14, 2016

Paul B. Grotas, Esq., The Grotas Firm, P.C., New York, N.Y., for Petitioner.

Brandon M. Waterman, Shane P. Cargo, Assistant United States Attorneys, New York, N.Y., for Respondents.

## ORDER

SHIRA A. SCHEINDLIN, UNITED STATES DISTRICT JUDGE.

Petitioner Jhonathan Cardona, a native and citizen of Colombia, is a lawful permanent resident of the United States who is currently being detained, during the pendency of his removal proceedings, by the Department of Homeland Security ("DHS"). Cardona is detained pursuant to Section 1225(b)(2)(A) of Title 8 of the United States Code and related provisions ("Section 1225(b)").

Cardona seeks an Order from this Court directing that he either be released from DHS custody or afforded an individualized bond hearing before an immigration judge. Cardona's argument is that he is entitled to the benefit of the Second Circuit's decision in *Lora v. Shanahan*, which held— with respect to a different immigration provision than that at issue in this case— that "an immigrant detained pursuant to section 1226(c) must be afforded a bail hearing before an immigration judge within six months of his or her detention."[2]

Section 1225(b) authorizes detention of certain "arriving aliens," including those who have been convicted of enumerated offenses, during the pendency of their removal proceedings.[3] Although Section 1225(b) does not provide for a bond hearing before an immigration judge, it does provide for discretionary parole by DHS,[4]

---

1. Acting Warden of Hudson County Jail, Tish Nalls–Castillo, succeeded the former Warden of that facility, Oscar Aviles.

2. 804 F.3d 601, 616 (2d Cir.2015) (discussing 8 U.S.C. § 1226(c) (requiring, upon release from criminal custody, DHS detention of

aliens who have committed enumerated crimes)) *petition for cert. filed* Mar. 25, 2016 (No. 15–1205).

3. *See* 8 U.S.C. § 1225(b)(2)(A).

Based on his criminal history, Cardona was deemed an arriving alien in February 2014 subject to Section 1225(b), while seeking re-entry into the United States.[5] Although initially paroled, Cardona subsequently committed a string of crimes, and was detained by DHS on October 1, 2015 and denied parole. A merits removal hearing was scheduled for and held on February 4, 2016. However, due to the need for additional time to complete testimony, the merits proceedings were continued until September 23, 2016,

Although the Court is sympathetic to Cardona's predicament, he is not entitled to the relief he seeks. *Lora* addressed the issue of detention under Section 1226(c) only, and does not extend to individuals detained under Section 1225(b). Further, neither Section 1225(b) nor its accompanying regulations provides for an individualized bond hearing before an immigration judge. Accordingly, Cardona's petition is DENIED. The Clerk of the Court is directed to close this case.

SO ORDERED:

4. *See id.* § 1182(d)(5)(A).

5. The offense which formed the basis of Cardona's Section 1225(b) detention was his 2009 conviction for possession of a controlled substance. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II).